UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN FERNANDEZ,<br><br>                Plaintiff,<br>    v.<br>JAMES GREG COX, *et al.*,<br><br>                Defendants. | Case No. 3:14-cv-00578-MMD-VPC<br><br>ORDER |

**I.    DISCUSSION**

On January 2, 2015, this Court entered a screening order and also denied Plaintiff's motion for temporary restraining order and preliminary injunction. (Dkt. no. 4 at 14.) Plaintiff thought his food was being drugged. (*Id.*) The Court had denied the motion because Plaintiff had sought an injunction against prison officials at Northern Nevada Correctional Center ("NNCC") when his complaint had made allegations against Ely State Prison ("ESP") officials. (*Id.* at 15.) The Court stated that it could not issue orders against individuals who were not parties to the suit pending before it. (*Id.*) The Court directed Plaintiff to file a motion for TRO and preliminary injunction in his other civil rights lawsuit against the appropriate defendants. (*Id.*)

On May 14, 2015, Plaintiff filed a motion for reconsideration on the Court's denial of his motion for TRO and preliminary injunction. (Dkt. no. 18 at 1.) Plaintiff states that his circumstances have changed and he has new evidence. (*Id.* at 2.) Specifically, Plaintiff alleges that he is back at ESP and is being drugged with controlled substances

by defendants named in the complaint and their co-workers. (*Id.*) Plaintiff then proceeds to analyze why he meets the motion for reconsideration standard. (*Id.* at 3-6.)

The Court denies Plaintiff's motion for reconsideration. Plaintiff needs to file a new motion for TRO and preliminary injunction and he needs to argue why his presence at ESP has changed his circumstances and argue how these new circumstances satisfy the standard for a TRO and preliminary injunction and not a motion for reconsideration.

To aid Plaintiff in drafting his new motion for TRO and preliminary injunction, the Court directs Plaintiff to take note of the following law: Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion for reconsideration (dkt. no. 18) is denied.

It is further ordered that Plaintiff is directed to file a new motion for TRO and/or preliminary injunction.

It is further ordered that the Clerk of the Court shall send Plaintiff a copy of his motion for reconsideration (dkt. no. 18).

DATED THIS 5th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE