UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN FERNANDEZ,

              Plaintiff,

 v.

JAMES GREG COX, et al.,

              Respondent.

3:14-cv-0578-MMD-VPC

**ORDER**

Before the court are twenty-two motions that plaintiff, Kevin Fernandez ("plaintiff") has filed in this case.[1]  Defendants have filed three motions, all of which are the subject of this order.

Due to the plethora of motions that plaintiff has filed, on May 23, 2016, this court issued an order staying all briefing on the pending motions, as well as the deadline to file dispositive motions (ECF No. 238).  Having reviewed the pending motions, this order follows.

### 1. Plaintiff's motion for leave to serve additional interrogatories in excess of (25) twenty-five on defendants Baker and Cox (ECF No. 184)

On March 17, 2016, plaintiff sought leave to serve additional interrogatories on defendants Baker and Cox, defendants responded (ECF No. 191), and plaintiff replied (ECF No. 201).  The final discovery deadline in this case was April 19, 2016 (ECF No. 177). This was the second "final extension" of the discovery deadline, which made March 17, 2016, the deadline to serve written discovery, which is thirty-three days prior to April 19, 2016.  The parties were admonished that April 19, 2016 was the discovery cutoff; therefore, plaintiff's motion (ECF No. 184) is **DENIED**.

---

[1] Plaintiff has also filed two motions, which are pending before the District Court and are not part of this order: (1) objections and motion for review of order (167) by magistrate (ECF No. 178); and (2) motion for leave to file a reply to defendants' opposition to objections and motion for review of (167) (ECF No. 185).  In addition this court will issue a separate report and recommendation regarding plaintiff's motions for default (ECF No. 169 & 173).

### 2. **Plaintiff's motion for sanctions for the spoliation of evidence (ECF No. 187) and plaintiff's motion for extension of time to file reply in support of his motion (ECF No. 219)**

Plaintiff moved for sanctions for the spoliation of evidence, defendants responded (ECF Nos. 203 & 204),[2] and plaintiff replied (ECF No. 222). Plaintiff's motion fails to establish the necessary elements to receive an adverse inference ruling that defendants despoiled evidence in this case; therefore, plaintiff's motion (ECF No. 187) is **DENIED**. The court requires no further brief in reply; therefore, plaintiff's motion for an extension of time to file a reply (ECF No. 219) is **DENIED as moot**.

### 3. **Plaintiff's motion for exemption of the provisions of LR 26-7, and/or in the alternative, to compel defendants to pay copy fees (ECF No. 188)**

Plaintiff moves this court for an exemption from the requirements of LR 26-7, or, alternatively, to order that defendants pay copy fees (ECF No. 188). Defendants opposed (ECF No. 206) and plaintiff replied (ECF No. 213). By his motion, plaintiff asks the court to excuse him from the requirements of LR 26-7, or to require the defendant to pay his copy fees. The purpose of LR 26-7 is to inform the court about the discovery requested and the responses which are in dispute. Plaintiff need only set forth the full text of the disputed discovery, and the rule does not prevent plaintiff from providing that information in the body of his motion, as long as the reproductions are accurate. Plaintiff's motion (ECF No. 188) is **DENIED**.

### 4. **Plaintiff's motion to compel defendants to accept service of Hoerster and Brown or file a notice of nonacceptance of service (ECF No. 189)**

Plaintiff moves to compel defendants' counsel to file a notice of representation or non-representation for Brown and Hoerster (ECF No. 189). Defendants opposed (ECF No. 208), and plaintiff did not reply. Defendants report in their opposition that defendant Brown, whose first name is "Michel," has not sent defendants' counsel a request for representation; therefore, they

---

[2]Defendants are admonished to refer to the docket number of a particular motion, otherwise, the court must pore through the docket to determine which motion is the subject of defendants' response.

2

are prohibited from doing so pursuant to N.R.S. 41.0339.  *Id.*  Furthermore, Amanda Hoerster is not a party to this action, since plaintiff has not filed his amended complaint adding her as a defendant.  *Id.*  Based on the foregoing, plaintiff's motion (ECF No. 189) is **DENIED**.

### 5. Plaintiff's motion for order compelling defendants to e-file plaintiff's documents and/or allow plaintiff to possess carbon paper (ECF No. 190)

Plaintiff seeks a court order to require the Nevada Department of Corrections ("NDOC") defendants to receive plaintiff's filings in this case via email and to file the documents on his behalf, or in the alternative, to allow plaintiff to possess carbon paper (ECF No. 190).  Defendants opposed (ECF No. 207), and plaintiff did not reply.  Electronic filing for incarcerated inmates is a fairly new innovation, and only two NDOC facilities currently have this capability.  The court has no idea whether the New Hampshire Department of Corrections has a similar program or whether its electronic filing system – if it exists – is capable of electronically transmitting plaintiff's documents to the Clerk's Office of the United States District Court for the District of Nevada.  Plaintiff has offered no legal authority for the proposition that he has a right to file his documents electronically, and it is not NDOC's role to assist inmates in this fashion.

As to plaintiff's request that he be allowed to possess carbon paper, plaintiff must address that issue with the New Hampshire Department of Corrections.  Plaintiff's motion (ECF No. 190) is **DENIED**.

### 6. Plaintiff's motion to compel discovery responses (ECF No. 196)

Plaintiff's moves to compel discovery responses (ECF No. 196), defendants opposed (ECF No. 215) and plaintiff replied (ECF No. 231).  Defendants contend that although plaintiff served the discovery late, they served discovery responses for defendants McDaniel and Fletcher; therefore, plaintiff's motion is moot.  Defendants also argue that plaintiff's interrogatories to multiple defendants combined two sets of discovery into one document, which intermixed groups of questions with groups of different defendants.  As a result, defendants advised plaintiff that

they would not respond to these discovery requests. Plaintiff replies that as to defendant Fletcher, defendants served the incorrect responses and Defendant McDaniel's responses are insufficient. Plaintiff also disagrees that Fed.R.Civ.P. 33 limits propounding one set of interrogatories only to one person. Finally, plaintiff believes sanctions are warranted under the circumstances.

Plaintiff's motion is **GRANTED in part** and **DENIED in part** (ECF No. 196): (1) defendants shall not be required to supplement defendant McDaniel's answers to interrogatories; (2) defendants shall not be compelled to response to discovery propounded to multiple defendants as plaintiff did in this case; (3) plaintiff's motion for sanctions is **DENIED**; and (4) if defendants sent incorrect discovery responses on behalf of defendant Fletcher, they shall send the appropriate responses to plaintiff within ten days of this order.

7. **Plaintiff's motion to compel supplementation to requests for production of document responses (ECF No. 209), defendants' motion for extension of time to file a response (ECF No. 220) , and plaintiff's motion for extension of time to reply (ECF No. 223), and plaintiff's motion to file supplemental exhibit (ECF No. 239)**

Plaintiff moves to compel supplementation of defendants' responses to requests for production of documents (ECF No. 209). Defendants moved for an extension of time to respond (ECF No. 220), and plaintiff then moved for an extension of time to file his reply (ECF No. 223),[3] as well as a motion to file supplemental exhibit (ECF No. 239). The court subsequently stayed briefing on all pending motions to enable to court to sort through all of the pending motions. Defendants' motion for extension of time (ECF No. 220) is **GRANTED** *nunc pro tunc*, and the court notes that defendants filed their response on May 6, 2016 (ECF No. 229). Plaintiff's request for an extension of time to file his reply (ECF No. 223) is also **GRANTED**, and the court

---

[3]Plaintiff's motion at ECF No. 223 actually seeks an extension for *three separate motions:* ECF Nos. 196, 209, and 217. The practice of seeking relief for three different matters in one motion will not be permitted, as it confuses an already very confusing, clogged docket. Plaintiff is admonished that he files such consolidated motions in the future, the court will strike the motion *sua sponte.*

4

also **GRANTS** plaintiff's motion to file supplemental exhibit (ECF No. 239). Plaintiff's reply is due fifteen court days from this order.

   8. **Plaintiff's motion for order compelling defendants to produce inmate for examination; or in the alternative, motion for reconsideration of plaintiff's motion for examination of plaintiff and prior biological specimens pursuant to FRCP 35(a) (ECF No. 211) and plaintiff's motion for enlargement of time to file reply (ECF No. 227)**

Plaintiff seeks either an order compelling defendants to produce him for the purposes of supplying a hair follicle for DNA testing; alternatively, plaintiff asks for reconsideration of a prior order denying his request for an examination under Fed.R.Civ.P. 35 (ECF No. 211). Plaintiff filed two motions for enlargement of time to file a reply in support of his motion (ECF Nos. 235 & 240), which are **DENIED as moot** based on this court order. Plaintiff's motion for reconsideration of this court's earlier order (ECF No. 211) is **DENIED**, as plaintiff has failed to demonstrate a basis for reconsideration of the court's prior order pursuant to Fed.R.Civ.P. 60(b). Moreover, this court has rejected the notion that a Section 1983 inmate may use Rule 35 to secure medical treatment or to obtain expert witness testimony on plaintiff's behalf. *Cottle v. Nevada Dept. Of Corrections,* 2013 WL 5773845 at *2 (D. Nev. Oct. 24, 2013 (citing multiple cases). The court finds that there is no legal, procedural, or evidentiary basis to grant plaintiff's motion (ECF No. 211); therefore, it is also **DENIED** on this ground. Plaintiff's motion for enlargement of time to file a reply in support of his motion (ECF No. 227) is **DENIED as moot**.

   9. **Plaintiff's motion to compel supplementary interrogatory responses (ECF No. 217); defendants' motions for extension to file opposition (ECF No. 220 & 225), and plaintiff's motion for extension to file reply (ECF No. 241)**

Plaintiff moves to compel supplementary interrogatory responses (ECF No. 217) and defendants opposed (ECF No. 229). Defendants moved for extensions of time (ECF No. 220 & 225) to oppose, and later filed their response (ECF No. 229). Defendants motions (ECF No. 220

& 225) are **GRANTED** *nunc pro tunc*.   Plaintiff's motion for an extension (ECF No. 241) is **GRANTED**, and his reply is due no later than fifteen days from the date of this order.

### 10. Plaintiff's motion for leave to file motion to compel with thirty-six pages (ECF No. 218)

Plaintiff moves for leave to file six pages beyond that allowed by Local Rule 7-3, and defendant filed a notice of non-opposition (ECF No. 230).  Plaintiff's motion (ECF No. 218) is **GRANTED**.  However, plaintiff is admonished that he must make every effort to file papers within the thirty-page limit.  Any further motions filed in excess of thirty pages will be summarily stricken.

### 11. Plaintiff's motion to compel supplemental response to the seventh request for production of documents (ECF No. 228)

Plaintiff moves to compel supplemental responses to his seventh request for production.  Defendants' opposed (ECF No. 237) and plaintiff replied (ECF No. 242).   The court has reviewed the parties' papers and, for good cause appearing, plaintiff's motion to compel (ECF No. 228) is **DENIED**.

### 12. Defendants' motion for extension of time to file motion for summary judgment (ECF No. 234)

Defendants' motion for extension of time to file motion for summary judgment (ECF No. 234) is **GRANTED.**  The court will issue a scheduling order for dispositive motions after it issues rulings on the final pending discovery motions.

**IT IS SO ORDERED.**

**DATED**: June 16, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE**