UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN FERNANDEZ,<br><br>　　　　　　　Plaintiff,<br>　v.<br>JAMES GREG COX, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:14-cv-00578-MMD-VPC<br><br>ORDER |

**I.     SUMMARY**

This Order addresses Plaintiff's two motions for reconsideration (ECF Nos. 274, 246) and Plaintiff's objection to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 266). Given Plaintiff's prolific filings, the Court will summarily address his requests for reconsideration.[1]

**II.    MOTION FOR RECONSIDERATION – ECF NO. 274**

Plaintiff had objected to the Magistrate Judge's Order denying his motion to amend in part (ECF No. 167). The Court found that the Magistrate Jude properly applied the doctrine of judicial estoppel to preclude Plaintiff from amending his complaint to circumvent the Court's screening order, which was based on the allegations in the complaint. (ECF No. 271.) Plaintiff seeks reconsideration of the Court's Order. (ECF No. 274.) Plaintiff disagrees with the Court's ruling, but mere disagreement with the Court's order is an insufficient basis for reconsideration. Plaintiff fails to offer a valid reason for the Court to reconsider its prior Order. Plaintiff's motion for reconsideration (ECF No 274) is denied.

---

[1] The Court has twice stayed briefing on all pending motions to enable the Court to sort through all the pending motions. The second stay, which was imposed on November 8, 2016, is still in effect. (ECF No. 288.)

### III. MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S PRETRIAL RULINGS – ECF NO. 246

Plaintiff asks the Court to reconsider the Magistrate Judge's June 20, 2016, Order ("June 2016 Order) denying numerous pretrial motions. (ECF No. 246.) Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate judge, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

The June 2016 Order in part denied Plaintiff's motions requesting: (1) leave to serve additional interrogatories beyond the discovery deadline (ECF No. 284); (2) sanctions for spoliation of evidence (ECF No. 187); (3) exemption from the requirements of LR 26-7 or for Defendants to pay copy fees in the alternative (ECF No. 188); (4) Defendants to accept service or file notice of non-representation for Brown and Hoerster (who is not a party) (ECF No. 189); (5) Defendants to e-file Plaintiff's documents (ECF No. 190); (6) Defendants to respond to certain discovery requests (ECF No. 196); (7) Defendants to reproduce Plaintiff for examination or reconsideration of a prior order

///

denying his motion for examination under Fed. R. Civ. P. 35 (ECF No. 211);[2] and (8) Defendants to provide supplemental responses to Plaintiff's seventh request for production (ECF No. 228). (ECF No. 243.) Plaintiff reasserts his arguments for why his various motions should be granted. Plaintiff, however, fails to demonstrate that the Magistrate Judge's rulings are clearly erroneous or contrary to law. The Court finds that the Magistrate Judge did not commit clear error in denying Plaintiff's various pretrial motions. Plaintiff's motion for reconsideration (ECF No. 246) is denied.

### IV.     OBJECTION TO REPORT AND RECOMMENDATION – ECF NO. 270

The Magistrate Judge recommends imposing default as sanctions against Tucker for her failure to respond to interrogatories, but to delay entry of default judgment against Tucker until final disposition of the claims against the remaining Defendants. (ECF No. 266.) The Magistrate Judge similarly recommends delaying entry of default judgment against Brown, who had default entered against him for his failure to answer or otherwise appear (ECF No. 195).[3] (*Id.*) Plaintiff objects to the recommendation to deny entry of default judgment against Tucker and Brown. (ECF No. 270.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiffs' objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendation. Where a party fails to object, however, the

---

[2]This Court previously denied Plaintiff's motion for reconsideration of the Magistrate Judge's Order denying his request for physical examination of Plaintiff for toxicological exposure and DNA testing of prior biological specimens pursuant to Rule 35(a). (ECF No. 120.)

[3]Plaintiff also objects to the Magistrate Judge's finding that an evidentiary hearing to determine Plaintiff's claimed damages against Brown would be premature at this time. (ECF No. 270 at 9-10.) Because the Court agrees that it would be unfair to enter default judgment against Brown at this juncture, the Court agrees with the Magistrate Judge that an evidentiary hearing to determine Plaintiff's claimed damages against Brown would be premature.

court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Plaintiff's objection challenges the Magistrate Judge's recommendation to defer entry of default judgment, but does not challenge the Magistrate Judge's recommendation to impose default as sanctions against Tucker. (ECF No. 270.) The Court agrees with the Magistrate Judge's recommendation to grant default as discovery sanctions against Tucker and will accept that recommendation. The Court will conduct a *de novo* review to determine whether to accept the recommendation to delay entry of default judgment in light of Plaintiff's objection.

After screening, Plaintiff was permitted to proceed on his ten claims against more than 25 Defendants. (ECF No. 4.) Seven of those claims are asserted against Defendants Tucker and Brown, along with 21 other Defendants. (*Id.*) These claims are premised on allegations that during the period of February 19, 2014, through July 23, 2014, these Defendants purposefully tainted Plaintiff's food with psychotropic medication or toxins for the specific purpose of serving Plaintiff that food. (ECF No. 5 at 12-26.) Brown failed to file an answer or otherwise appear, which resulted in the Clerk granting Plaintiff's motion for entry of default. (ECF Nos. 194, 195.) Tucker failed to respond to interrogatories, which

led to the Magistrate Judge's recommendation to impose default as sanctions against her. (ECF No. 266.)

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b). Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true, except for allegations regarding damages. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). But the "entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (quoting *Valley Oak Credit Union v. Villegas* (*In re Villegas*), 132 B.R. 742, 746 n.5 (B.A.P. 9th Cir.)) (alteration omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.*

Where, as here, claims are asserted against multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In *Frow v. De La Vega,* 82 U.S. 552, 554 (1872), the Supreme Court held that default judgment should not be entered against one or more defendants until final adjudication of the matter against all other defendants who are alleged to be jointly liable. The *Frow* rule has been extended to apply where defendants "are similarly situated, even if not jointly and severally liable." *See In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs., Imps., Inc.* 740 F.2d 1499 1512 (11th Cir. 1984).

Applying the extension of the rule in *Frow*, the Magistrate Judge found that it would not be appropriate to enter default judgment because the remaining defendants, who like

Tucker and Brown, are either current or former NDOC employees who Plaintiff allege tried to cause him injury by giving him psychotropic medication. (ECF No. 266.) The Magistrate Judge reasoned that Tucker and Brown and the remaining Defendants "appear to be similarly situated for purposes of defending against Plaintiff's claims, and there is significant risk of inconsistent judgment if the court were to enter default against Tucker [and Brown] at this juncture." (*Id.* at 8, 9.)

The Court agrees with the Magistrate Judge's recommendation and reasoning. If the jury were to issue a defense verdict, disbelieving Plaintiff's allegation that he was given psychotropic medication, which serves as the main factual predicate of his claims, then the claims against Tucker and Brown should be dismissed as well. Similarly, if the Court were to grant summary judgment against Plaintiff, such a ruling may necessitate dismissing claims against Tucker and Brown. Under either scenario, it would be unfair to enter default judgment against Tucker and Brown until final adjudication of Plaintiff's claims.

Plaintiff argues that the Magistrate Judge erroneously determined that Tucker and Brown are "similarly situated" to the other Defendants because, according to Plaintiff, "one defendant could have drugged Plaintiff's food without the other being found liable." (ECF No. 270 at 7.) While this may be a possible scenario, the other scenario — that the jury may find Plaintiff was not drugged at all — is also a likely possibility. That the former is a possibility does not render the Defendants not similarly situated. This is because the Complaint lumps the allegations against Defendants such that it would be difficult to separate their alleged conduct. For example, the Complaint alleges that between June 6 and 8, 2014, Defendants Cooke, Roberts and Brown "served and prepared food that was drugged to Plaintiff." (ECF No. 5 at 23, ¶ 73.) The Complaint further alleges that from July 11 through 23, 2014, Defendants Davis, Holland, Paryga, Perkins, Rowland, Tucker and Westbay "began, and continued, a program of clinical torture of Plaintiff by having psychotropic medications and/or toxins in the food they prepared and/or served Plaintiff with knowledge and intent to have Plaintiff eat the drugged food with the intent to cause

1  him injury." (*Id.* at 25, ¶ 86.) Plaintiff's allegations place Defendants together as a group
2  such that a finding in favor of some Defendants may result in a finding in favor of all
3  Defendants if, as the Court noted, the jury were to find that Plaintiff was not drugged as
4  he alleges.

5  Plaintiff also seeks leave to file a reply. (ECF No. 276.) LR IB 3-2(a) provides that
6  a reply in support of an objection to the Magistrate Judge's findings and recommendations
7  is allowed only with leave of court. The Court finds that Plaintiff has had ample opportunity
8  to assert his arguments in the initial round of briefs relating to his motions and in his
9  objection to the Magistrate Judge's R&R, and further briefings are neither helpful nor
10 necessary. Plaintiff's motion for leave to file a reply (ECF No. 276) is denied.

11 **V.    CONCLUSION**

12 The Court notes that the parties made several arguments and cited to several
13 cases not discussed above. The Court has reviewed these arguments and cases and
14 determines that they do not warrant discussion or reconsideration as they do not affect
15 the outcome of the Plaintiff's objection and motions.

16 It is therefore ordered that Plaintiff's motions for reconsideration (ECF Nos. 246,
17 274) are denied.

18 It is further ordered that the Report and Recommendation of the Magistrate Judge
19 (ECF No. 266) is adopted in full. Plaintiff's objection (ECF No. 270) is overruled. Plaintiff's
20 motion for default against Tucker (ECF No. 193) is granted in that the Court will impose
21 default as discovery sanctions and default will be entered against Tucker. It is denied with
22 respect to Plaintiff's request for entry of default judgment against Tucker at this time.
23 Denial is without prejudice to Plaintiff to move for entry of default judgment against Tucker
24 at the conclusion of this case. Plaintiff's motion for entry of default judgment against
25 Brown (ECF No. 210) is denied without prejudice.

26 ///
27 ///
28 ///

It is further ordered that Plaintiff's motion for leave to file a reply (ECF No. 276) is denied.

DATED THIS 21st day of December 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE