# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN FERNANDEZ, | ) | 3:14-CV-0578-MMD (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | March 24, 2017 |
| | ) | |
| JAMES GREG COX, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN    REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is plaintiff's motion to compel supplementation to requests for production of document responses (ECF No. 209). Defendants opposed the motion (ECF No. 229), and plaintiff replied (ECF No. 245). The parties also filed a status report (ECF No. 304) following the court's order to meet and confer on this motion.

Plaintiff's motion to compel supplementation to requests for production of document responses (ECF No. 209) is **GRANTED in part and DENIED in part.** Defendants are ordered to supplement their responses as set forth in the status report filed March 20, 2017 (ECF No. 304).

Regarding the requests in dispute, the court hereby rules as follows:

**A. First Request for Production of documents**

Requests Nos. 25-33:

    a.    Requests Nos 25-29: Defendants produced grievance records: 2006-29-79635, 2006-29-79634, 2006-29-77045, 2006-29-78471, and 2006-29-78209 (ECF No. 229). Defendants responded that they are not aware of further documents responsive to this request. Therefore, the motion to compel supplementation is denied as to these requests.

  b. <u>Requests Nos. 30-33</u>: Grievance Nos. 2006-20-90495, 2006-29-84013, 2006-29-85113, and 2006-29-83749 were lodged after plaintiff left ESP on July 23, 2014 and do involve complaints of alleged food tampering at ESP from February 19 to July 23, 2014.  Therefore, these requests are outside the scope of discovery, and defendants' objection to producing these requests is sustained.  The motion to compel supplementation as to these requests is denied.

<u>Requests Nos. 41 & 45</u>:  These requests relate to surveillance video recordings for the time period plaintiff requested or any policies or procedures specific to video surveillance recording or retention.  Defendants responded that they were not aware of any video surveillance because there were no video capabilities during the time frame of February 19 to July 23, 2014, as video cameras were only in the process of being installed.  Additionally, there was no approved policy or procedure regarding the new video system at that time.  Therefore, plaintiff's motion to compel supplementation as to these requests is denied.

<u>Requests Nos 48 & 49</u>:  Plaintiff requested personnel records of NDOC defendants, policies and procedures for maintaining these files, and personnel documentation detailing the reasons certain defendants are no longer employed by NDOC.  Defendants objected on the basis that plaintiff's requests called for documents that are outside the scope of discovery and confidential and privileged documents.  They also objected on the basis that plaintiff's request was overly broad and burdensome.  Defendants' objection is sustained and plaintiff's motion to compel supplementation as to these requests is denied.

<u>Requests Nos. 56-58</u>:  Plaintiff requested documents which identify the inmates who were prescribed psychotropic medications in his housing units at ESP.  Defendants objected on the basis that these requests exceeded the scope of discovery, called for confidential and privileged information, called for information that jeopardized the safety and security of the institution, and were unduly burdensome.  Defendants' objection is sustained, and plaintiff's motion to compel supplementation as to these requests is denied.

**B.  Third Request for Production of documents**

<u>Request No. 1</u>:  Plaintiff requested production of an internal memorandum regarding plaintiff's urinalysis test.  Defendants objected on the basis of privilege, as the internal memorandum is protected by executive privilege as it discusses plaintiff's crime, sentence, institutional history, inter-state transfer, security threat group issues, and complaints about staff drugging his food.  Defendants contend the document is deliberative as it reflects on plaintiff's pre-decisional custody status within the NDOC.  Defendants further contend that disclosure of this memorandum inhibits the prison system from performing a vital function, inmate management, as it would discourage candid discussion and documentation of the inmate and his institutional history.  Defendants' objection to this request is sustained.  Therefore, plaintiff's motion to compel supplementation as to this request is denied.

### C. Fourth Request for Production of Documents

Request Nos. 4-13:

a. Request Nos. 4 & 5: Plaintiff requested the documents and/or writings that control the policies, procedures, regulations, statutes, etc. for the collection, maintenance, control, documentation of, and testing of urine and/or blood as well as production or a picture of the urine sample.

   First, plaintiff claims that ESP has a corresponding operational procedure to AR 491 which was in effect in May 2014. Defendants responded that they are not aware of any operational procedure in effect during the relevant time frame.

   Second, plaintiff claims that defendants had an obligation to obtain Redwood Toxicology Laboratory's policy or procedure for maintaining his urine sample. These documents are not in defendants' custody and control.

   Third, plaintiff claims the NDOC defendants had a duty to inform plaintiff of what efforts they made to determine the status of his urine sample. Defendants contacted Redwood Toxicology Laboratory and the lab informed defendants that plaintiff's urine sample no longer exists at the lab.

   Defendants also objected to these requests as plaintiff's complaint does not allege that an issue existed with the testing and handling of his urine sample. Defendants' objection is sustained, and plaintiff's motion to compel as to these requests is denied.

b. Requests Nos. 6 & 7: Plaintiff requested production of the food items or photographs of the food items that were received by Investigator Horsely on July 1, 2014 and Detective Von Rumpf on August 1, 2014. Defendants have been informed by NDOC Investigator Horsley that the food items cannot be located. Therefore, defendants cannot produce the food items. Photographs of the food items received by Detective Von Rumpf were produced to plaintiff in response to his motion for sanctions and spoliation of evidence (ECF No. 203, Ex. F). Therefore, plaintiff's motion to compel supplementation as to these requests is denied.

c. Requests Nos. 8-13: Plaintiff requested production of or a picture of the blood and/or urine samples collected from him on or about August 6 and November 5, 2014; and February 12, May 21, and June 1, 2015. Plaintiff also requested production of documents and/or writings which contain his DNA genetic markings. Defendants objected to these requests on the basis that they exceeded the scope of discovery and that these toxicology tests were taken after the relevant time period of this case and they are not proportional to the

needs of this case. Defendants' objection is sustained, and plaintiff's motion to compel supplementation as to these requests is denied.

Plaintiff's request for costs of bringing the motion to compel are denied.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By: _____/s/_____
Deputy Clerk