UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KEVIN FERNANDEZ, | Case No. 3:14-cv-00578-MMD-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JAMES GREG COX, *et al.*, | |
| Defendants. | |

**I.  DISCUSSION**

This Order addresses Plaintiff Kevin Fernandez's pending objections and motion for review of the Magistrate Judge's orders. (ECF Nos. 310, 317, 340.) Plaintiff's motion for extension of time (ECF No. 306) to file objection to the Magistrate Judge' order (ECF No. 306) is granted *nunc pro tunc*. LR IB 3-1(a) permits only an objection and a response in connection the Magistrate Judge's pretrial ruling; a reply is only permitted with leave of court. Plaintiff filed reply briefs in support of his objections. (ECF Nos. 325, 332.) The Court finds that the issues are thoroughly briefed and replies are unnecessary. The Court will strike Plaintiff's reply briefs (ECF No. 325, 332).

**II.  LEGAL STANDARD**

Plaintiff's objections and motion challenge the Magistrate Judge's decisions on pretrial matters. Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR

IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (*citing United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

### III. OBJECTION TO MAGISTRATE JUDGE'S ORDER (ECF No. 310)

After a hearing, the Magistrate Judge granted Defendants' motion to strike Brian E. Pape, Ph.D. ("Dr. Pape") as an expert witness (ECF No. 253). (ECF No. 302 at 1.) Dr. Pape's declaration was disclosed about three months after close of discovery and in connection with Plaintiff's reply in support of his motion to compel discovery. (ECF No. 253 at 4; ECF No. 245 at 28-37.) The Magistrate Judge agreed with Defendants that Dr. Pape's declaration was "untimely [disclosed], procedurally deficient, and substantially irrelevant." (*Id.*) The Magistrate Judge denied as moot Plaintiff's motion for order waiving the requirement of the expert report, or, in the alternative, to modify the scheduling order (ECF No. 254) ("Waiver Motion"). (*Id.*)

Plaintiff raises numerous arguments in his objection to contend that the Magistrate Judge's ruling is clearly erroneous or contrary to law, including that the Magistrate Judge should have granted his Waiver Motion instead of addressing Defendant's motion first, failed to articulate the legal standard upon which she made her ruling, failed to consider that Plaintiff's failure to comply with Fed. R. Civ. P. 26(a)(2) was substantially justified or

1  was not the result of willful conduct, failed to consider that Plaintiff timely disclosed his
2  expert witness report or to consider granting Plaintiff's request for an extension as
3  articulated in the Waiver Motion, and failed to explain her reasoning, among other
4  reasons. (ECF No. 310.)

First and foremost, the Magistrate Judge did not commit clear error by not providing a detailed explanation for her decision because the Magistrate Judge stated that she agreed with Defendants.[1] Second, in terms of timeliness, Plaintiff argues that LR 26-1 does not modify Fed. R. Civ. P. 26. (ECF No. 310 at 9.) However, LR 26-1(b)(3) states, in pertinent part, that "the deadlines in Fed. R. Civ. P. 26(a)(2)(D) for expert disclosures are modified to require that the disclosures be made 60 days before the discovery cut-off date and that rebuttal-expert disclosures be made 30 days after the initial disclosure of experts." LR 26-1(b)(3) explicitly modified the expert disclosure deadline in Fed. R. Civ. P. 26(a)(2)(D). Third, as Defendants correctly point out, there is no question that Dr. Pape's declaration is deficient in that it failed to include the information enumerated under Rule 26(a)(2)(B) for expert witness disclosure. (ECF No. 315 at 6-7.) More importantly, the Magistrate Judge correctly found that Dr. Pape's opinion is irrelevant to the claims that survived screening. In particular, this Court already determined "that Plaintiff states colorable claims for due process violations and unsafe prison conditions because 'prison officials were giving Plaintiff psychotropic medication against his will by mixing the medication into Plaintiff's food without his knowledge.'" (ECF No. 271 at 5 (quoting ECF No. 4 at 6-7).) The Court denied Plaintiff leave to amend to assert that there were issues with the handling of the urine sample that produced a negative urine test. (*Id.*) Dr. Pape's opinions go to the handling and reliability of the urine test, which is not probative of the claims in this case.

///

///

---

[1] Defendants' motion thoroughly presented their arguments for exclusion of Dr. Pape's opinion. (ECF No. 253.)

In sum, the Court finds that the Magistrate Judge's decision to exclude Dr. Pape's opinion is not clearly erroneous or contrary to law. Plaintiff's objection is therefore overruled.

**IV. OBJECTION TO MAGISTRATE JUDGE'S ORDER (ECF NO. 311) REGARDING MOTION TO COMPEL SUPPLEMENTATION (ECF No. 317)**

Plaintiff argues that the Magistrate Judge committed clear error by failing to consider his response to Defendants' status report which Plaintiff contends does not accurately reflect the parties' stipulations. (ECF No. 317 at 3-4.) The Magistrate Judge's March 24, 2017, order does not reference Plaintiff's response to the status report. This is because Plaintiff's response to the status report was signed on March 27, 2017, and filed on March 31, 2017 (ECF No. 316), six days after the Magistrate Judge issued her March 24, 2017, order.

Plaintiff also objects to the Magistrate Judge's ruling with respect to categories of discovery requests: first request for documents (request nos. 25-29, request nos. 30-33, request nos. 45, 48, 49, request nos. 56-58), third request for documents, and fourth request for documents. (ECF No. 317. at 5-8.) Having reviewed the Magistrate Judge's ruling on these requests, the Court agrees with her reasoning and finds that her rulings are not clearly erroneous or contrary to law. For example, Plaintiff argues that the Magistrate Judge committed clear error when she denied the motion to compel supplementation based on Defendants' responses that they are not aware of the existence of documents responsive to the particular requests. (ECF No. 317 at 5, 8; ECF No. 311 at 1, 3.) However, the Court agrees with the Magistrate Judge that Defendants cannot be compelled to produce information that Defendants respond does not exist. As another example, Plaintiff argues that the Magistrate Judge committed clear error in sustaining Defendants' objections to certain requests being outside the scope of discovery, irrelevant to the claims in this case or protected from disclosure as confidential. (ECF No. 317 at 6-8.) The Court disagrees. The Magistrate Judge explained the reasons

///

4

for these findings and this Court cannot find that the Magistrate Judge committed clear error.

## V. MOTION FOR REVIEW OF ORDER (ECF No. 340)

Plaintiff argues that the Magistrate Judge's order denying his motion to compel supplemental interrogatory responses is clearly erroneous primarily because the Magistrate Judge found that Plaintiff has not demonstrated that his requests are proportional to the needs of the case. (ECF No. 340.) First and foremost, the Magistrate Judge gave several reasons for her ruling—that she sustained Defendants' objections and Plaintiff failed to provide a basis to compel further responses—in addition to finding that "plaintiff has not shown that his requests for supplementation are relevant or proportional to the needs of the case." (ECF No. 339 at 1.) Plaintiff cites to the Advisory Committee Notes to the 2015 Amendment to Fed. R. Civ. P. 26 to argue that as the party seeking discovery he does not bear the burden of proving proportionality. (ECF No. 340 at 3-4.) However, the same Advisory Committee Notes explain that "[r]estoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality . . ." Because courts must consider the proportionality factors, the Magistrate Judge's decision to consider those factors in denying Plaintiff's motion to compel supplemental responses when Defendants fail to raise them is not clearly erroneous or contrary to law.

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Plaintiff's objections and motion.

It is therefore ordered that Plaintiff's motion for extension of time (ECF No. 306) is granted *nunc pro tunc.*

It is further ordered that Plaintiff's reply briefs (ECF No. 325, 332) are stricken.

///

It is further ordered that Plaintiff's objections to the Magistrate Judge's orders (ECF Nos. 310, 317) and motion for review of the Magistrate Judge's order (ECF No. 340) are overruled.

DATED THIS 26th day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE